UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-14962 JGR |
| GUNSMOKE, LLC ) | |
| EIN: 27-0247683 ) | Chapter 11 |
| ) | |
|    Debtor. ) | |
| ) | |
| ) | |
| ─────────────────────────── ) | |
| ) | Case No. 20-14853 JGR |
| HAPPY BEAVERS, LLC ) | |
| EIN: 81-4752301 ) | Chapter 11 |
| ) | |
|    Debtor. ) | |
| ) | |
| ─────────────────────────── ) | |
| ) | Case No. 20-14963 JGR |
| ARMED BEAVERS, LLC ) | |
| EIN: 81-4763324 ) | Chapter 11 |
| ) | |
|    Debtor. ) | |
| ) | |
| ─────────────────────────── ) | |
| ) | |
| GUNSMOKE, LLC, HAPPY BEAVERS, LLC, ) | |
| AND ARMED BEAVERS, LLC ) | |
| ) | |
|    Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| ANGRY BEAVERS, LLC, EDWARD J. KLEN, ) | |
| AND STEVEN J. KLEN ) | |
| ) | |
|    Defendants ) | |
| ) | |

**ADVERSARY COMPLAINT**

     COMES NOW, Plaintiffs, Gunsmoke, LLC, Happy Beavers, LLC, and Armed Beavers, LLC by and through their attorneys, JORGENSEN, BROWNELL & PEPIN, P.C. hereby file this *Adversary Complaint* against Defendants, Angry Beavers, LLC, Edward J. Klen, and Steven J. Klen, as follows:

JURISDICTION

1. Jurisdiction over Defendants in this Court is proper pursuant to F.R.Civ.P. 8(a)(1) and F.R.Bankr.P. 7008 as the Court already has jurisdiction over this matter and the parties.

## PARTIES

2. Plaintiff Gunsmoke, LLC is a Colorado limited liability company in good standing.

3. Plaintiff Happy Beavers, LLC is a Colorado limited liability company in good standing.

4. Plaintiff Armed Beavers, LLC is a Colorado limited liability company in good standing.

5. Defendant Angry Beavers, LLC is a Colorado limited liability company in good standing with a principal address of 6909 Shannon Court, Loveland, Colorado 80538.

6. Defendant Edward J. Klen is an individual with a last known address of 6906 Shannon Court, Loveland, Colorado 80538.

7. Defendant Stephen J. Klen is an individual with a last known address of 11605 Harpenden Lane, Ft. Lupton, Colorado 80621.

## GENERAL ALLEGATIONS

8. This matter involves the sale and purchase of a business operating under the trade name of Front Range Gun Club (the "Business").

9. The registrant name of Front Range Gun Club is Gunsmoke, LLC.

10. The Business is located at located at 697 N. Denver Ave., Loveland, Colorado 80537 (the "Property").

11. Collectively, Gunsmoke, LLC, Happy Beavers, LLC, and Armed Beavers, LLC, ( "Plaintiffs") currently own and operate the Business.

12. Immediately prior to Plaintiffs' ownership of the Business, it was owned and operated by Angry Beavers, LLC, Edward J. Klen, and Stephen J. Klen ("Defendants").

13. Immediately prior to Plaintiffs owing and managing Gunsmoke, LLC, it was owned and managed by Defendants.

14. Plaintiffs purchased the Business from Defendants.

15. Plaintiffs purchased the Property from Defendants.

16. Specifically, Happy Beavers, LLC purchased the Property from Angry Beavers, LLC.

17. Angry Beavers, LLC is an entity wholly owned by Edward and Stephen Klen.

18. Specifically, Armed Beavers, LLC purchased all membership interest and tangible personal property of the Business from Edward and Stephen Klen.

19. Armed Beavers, LLC also purchased all inventory of the Business from Edward and Stephen Klen.

20. As the owners and operators of the Business prior to its sale to Plaintiffs, Defendants had intimate knowledge of the Business, including its operation, inventory, and finances.

21. Diverse Construction, Inc. was the general contractor for the construction of the building in which the Business is located.

22. Diverse Construction, Inc. is owned and operated by Defendants Edward Klen and Steven Klen.

23. As the owners and operators of the Diverse Construction, Inc. Defendants Edward Klen and Steven Klen had intimate knowledge of the property and building in which the Business is located.

24. During Plaintiffs' and Defendants' presale discussions and negotiations, Defendants made numerous representation about the Business to Plaintiffs.

25. Defendants made these representation based upon their intimate knowledge of the Business.

26. Defendants made representations as to the financial health of the Business.

27. Defendants made representations as to the membership numbers and growth potential of the Business.

28. Defendants made representations as to the quality and quantity of the Business's tangible property.

29. Defendants made representations as to the quality and quantity of the Business's inventory.

30. Defendants represented that the Business's upstairs trap was of a certain quality and capable of handling a certain caliber of ammunition.

31. Defendants represented that the Business's downstairs trap was of a certain quality and capable of handling a certain caliber of ammunition.

32. Defendants represented that the Business's elevator could be upgraded for commercial use.

33. These representation were made by Defendants to Plaintiffs for Plaintiffs' use in determining if Plaintiffs would buy the Business and under what terms.

34. Plaintiffs did rely upon Defendants' representations when making their decision to purchase the Business and under what terms.

35. Given that Defendants owned and operated the Business, Plaintiffs' reliance upon Defendants' representations regarding the Business were justified.

36. After purchasing the Business, Plaintiffs discovered that many of Defendants' representations were false or misleading.

37. Defendants representation of the Business's financial health was false or misleading.

38. In reality, the profitability of the Business was in decline leading up to the sale.

39. Knowing that the financial figures for 2016 were significantly worse than previous year, Defendants failed to disclose to Plaintiffs any information regarding 2016's financials.

40. Defendants' representation that membership numbers were continuing to increase was false or misleading.

41. In reality, membership growth had slowed and was significantly declining in 2016.

42. The Business is also part of an HOA.

43. This HOA is responsible, *inter alia*, for the maintenance of the property on which the Business is located.

44. Since purchasing the Business, Plaintiffs have noticed a decline in the amount and quality of maintenance the Business and property have received.

45. The road, sidewalk, and curbs near the entrance of Business are deteriorating.

46. An external drain spout is inadequate and has improper drainage, causing water to pool and, in the winter, creates an ice hazard.

47. And the Business's external stairs and balcony are deteriorating, and hazardous in winter.

48. The HOA will not allow signs for the Business on the main road

49. However, the HOA does allow other HOA businesses, The Garden Room and NAI Affinity, to have their signs on the main road.

50. Defendant Edward Klen is the head of the HOA.

51. Defendants Edward Klen and Steven Klen, collectively, control a majority of the HOA board.

52. Citing alleged safety issues and their HOA authority, Defendants Edward Klen and Steven Klen, on at least one occasion, also ordered the shutdown of the Business's upstairs trap during Plaintiffs' ownership.

53. Defendants Edward Klen and Steven Klen further threated to report these alleged safety issues regarding the upstairs trap to OSHA.

54. The Business's upstairs trap was custom designed, engineered, fabricated, and installed during Defendants' ownership of the Business.

55. The upstairs trap was custom built and designed, engineered, fabricated, and installed, in part, by Defendants Edward Klen and Steven Klen.

56. Plaintiffs' had no involvement with the upstairs trap's construction or design.

57. Defendants claimed the upstairs trap contained a proprietary design and was patent pending.

58. Defendants refused to allow Plaintiffs to inspect the upstairs trap prior to Plaintiffs' purchase of the Business.

59. However, the Defendants represented that the upstairs trap was fully functional and compliant with necessary regulations.

60. Defendants also represented that the upstairs trap was capable of handling the same caliber of ammunition as the downstairs trap.

61. Plaintiffs own post-purchase review of the upstairs trap revealed that Defendants' presale representation regarding the condition and capacity of the upstairs trap were false.

62. The materials used to construct the upstairs trap are not rated to be capable of handling the caliber ammunition that Defendants' represented the upstairs trap could handle.

63. The upstairs trap could only handle low power calibers, instead of the represented .50 caliber.

64. The upstairs trap utilized 1/4" AR 400 steel instead of the represented 3/8" A R 500 Steel.

65. Existing repairs and damage to the upstairs trap also demonstrates that Defendants knew of the safety issues and caliber limitations prior to Plaintiffs' purchase of the Business.

66. Plaintiffs have had to limit that caliber of ammunition that customers can use in the upstairs trap.

67. The upstairs trap has needed extensive repair work multiple times after the purchase by Plaintiffs.

68. Plaintiffs have had to shut down the trap, in addition to the HOA shutdown, to repair the upstairs trap.

69. Customers have expressed concern and lost confidence due to the numerous shutdowns of

    the upstairs trap and its caliber limitations.

70. The upstairs trap's shutdowns and caliber limitations has significantly impacted the Business.

71. Defendants also represented that the upstairs trap was adequately supplied with acoustical tiling for noise.

72. However, the upstairs trap's sound suppression is inadequate and creates excessive noise when the range is in use.

73. Maintenance of the upstairs trap is also hazardous due to the design.

74. Defendants also failed to disclose that the upstairs windows are not suitable for use in a gun range.

75. Defendants' representations as to the quality of the Business's downstairs trap were also false or misleading.

76. The downstairs trap was designed by a company called Savage Range System.

77. After purchasing the Business, Plaintiffs consulted with representatives of Savage Range System regarding the downstairs trap.

78. During this consultation, Plaintiffs discovered that Defendants had not maintained the downstairs trap in accordance with Savage Range System's specifications.

79. They also discovered that the material used to construct the trap was not rated for the caliber of ammunition Defendants represented that the downstairs trap was capable of handling.

80. The downstairs trap could only handle 8100 FPE, instead of the represented 13,000 FPE.

81. Plaintiffs further discovered pre-existing undisclosed damage to the downstairs trap.

82. Defendants' representation that the elevator could be upgraded was false or misleading.

83. After purchasing the Business, Plaintiffs' contacted the manufacture of the elevator.

84. The manufacture informed Plaintiffs that the hoist way was not big enough to accommodate a commercial elevator and that the pit was not deep enough nor the overhead tall enough.

85. Defendants also omitted or failed to disclose that the HVAC system did not have adequate capacity to properly service the square footage of Business.

86. The range HVAC was designed to draw air in through the structure of the trap thereby drawing in significant amounts of lead dust into the exhaust filters.

87. This lead dust significantly reduces the life of the filters and increases the cost of operation of that range HVAC.

88. The design of the trap and HVAC also forces lead into other areas of the Business.

89. The price Plaintiffs paid Defendants for the inventory, based upon Defendants representations as to the quality and quantity of the inventory significantly exceeds the inventories' fair market value.

90. Much of the firearm and ammunition inventory had depreciated beyond what was represented by the Defendants.

91. Upon information and belief, the quantity and types of inventory Defendants delivered to Plaintiffs was below the quantity that Defendants represented existed.

92. Additionally, during an ATF audit of the Business, there were multiple violations attributable to Defendants' operation of the Business.

93. The ATF audit found the unauthorized removal of firearms from the Business by Steven Klen and Edward Klen.

94. The audit found that Defendants did not properly process and document firearm sales.

95. The audit found that Defendants did not properly report all firearm sales.

## FIRST CLAIM FOR RELIEF
## NEGLIGENT MISREPRESENTATION

96. Plaintiffs incorporate by reference each of the above allegations as if fully set forth herein.

97. Defendants misrepresented the financial health of the Business to Plaintiffs by omitting the disclosure of adverse financial information that was known by or should have been known by Defendants;

98. Defendants misrepresented the membership growth of the Business to Plaintiffs by omitting the disclosure of adverse membership information that was known by or should have been known by Defendants;

99. Defendants misrepresented the quality of the Business's upstairs trap by failing to disclose information about the trap's design flaws, past repairs, and material composition that was known by or should have been known by Defendants;

100. Defendants misrepresented the quality of the Business's downstairs trap by failing to disclose information about the trap's unconventional maintenance, alterations, and material composition that was known by or should have been known by Defendants;

101. Defendants made these misrepresentations to Plaintiffs in the course of Defendants' business, or a transaction in which Defendants had a financial interest;

102. Defendants misrepresented the information to Plaintiffs for the guidance or use of Plaintiffs in a business transaction;

103. Defendants were negligent in obtaining or communicating the information;

104. Defendants' misrepresentation was done with the intent or knowing that Plaintiffs would act in reliance on the misrepresentation;

105. Plaintiffs relied on the misrepresentations made by Defendants;

106. Plaintiffs' reliance was justified;

107. This reliance caused damages to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court void, or find voidable, any agreements, whether verbal or written, actual or implied, that were entered into due to misrepresented facts and to enter judgment in favor of Plaintiffs and against Defendants for actual damages, special damages, interest at the statutory rate, costs of court, and for such further and greater relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
## FRAUD – FALSE REPRESENTATION

108. Plaintiffs incorporate by reference each of the above allegations as if fully set forth herein.

109. Defendants made a false representation of a past or present fact as to the financial health of Business;

110. Defendants made a false representation of a past or present fact as to membership growth of the Business;

111. Defendants made a false representation of a past or present fact as to quality and quantity of Business's inventory;

112. Defendants made a false representation of a past or present fact as to quality and capabilities of the Business's upstairs and downstairs traps;

113. Defendants made a false representation of a past or present fact as to convertibility of the Business's elevator;

114. Defendants made a false representation of a past or present fact as to the sound proofing quality of the Business;

115. These representations were material as they affected Plaintiffs' decision to execute and enter into purchase and loan agreements with Defendants;

116. At the time these representations were made, Defendants knew the representations were false; or were aware that they did not know whether the representations were true or false;

117. Defendants made these representations with the intent that Plaintiffs would rely on the representations;

118. Plaintiffs did rely on the representations made by Defendants;

119. Plaintiffs' reliance was justified;

120. This reliance caused damages to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court void, or find voidable, any agreements, whether verbal or written, actual or implied, that were entered into under fraud and to enter judgment in favor of Plaintiffs and against Defendants for actual damages, special damages, interest at the statutory rate, costs of court, and for such further and greater relief as the Court deems just and proper.

THIRD CLAIM FOR RELIEF
FRAUD - NONDISCLOSURE OR CONCEALMENT

121. Plaintiffs incorporate by reference each of the above allegations as if fully set forth herein.

122. Defendants concealed or failed to disclose disclosure of adverse financial information within its knowledge and possession;

123. Defendants concealed or failed to disclose adverse membership information within its knowledge and possession;

124. Defendants concealed or failed to disclose the design flaws and true material composition of the Business's upstairs and downstairs traps;

125. Defendants concealed or failed to disclose past repairs and safety issues with the Business's upstairs and downstairs traps;

126. Defendants concealed or failed to disclose the Business's firearm sales issues;

127. Defendants concealed or failed to disclose the true quality and quantity of the Business's inventory and tangible property;

128. Defendants concealed or failed to disclose the limited capacity of the Business's HVAC system;

129. These facts were material;

130. Defendants had a duty to disclose these material facts;

131. Defendants concealed or failed to disclose these material facts with the intent of creating a false impression of the actual facts in the mind of Plaintiffs;

132. Defendants concealed or failed to disclose the facts with the intent that Plaintiffs take a course of action they might not take if they knew the actual facts;

133. Plaintiffs took action of executing and entering into purchase and loan agreements with Defendants;

134. Plaintiffs took such action relying on the assumption that the concealed or undisclosed facts did not exist or were different from what they actually were;

135. Plaintiffs' reliance was justified;

136. This reliance caused damages to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court void, or find voidable, any agreements, whether verbal or written, actual or implied, that were entered into under fraud and to enter judgment in favor of Plaintiffs and against Defendants for actual damages, special damages, interest at the statutory rate, costs of court, and for such further and greater relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
## FRAUD IN THE INDUCEMENT TO CONTRACT

137. Plaintiffs incorporate by reference each of the above allegations as if fully set forth herein.

138. Defendants made a false representation of a past or present fact by concealing or failing to disclose the true distressed financial health of the Business prior to Plaintiffs executing and entering into purchase and loan agreements with Defendants;

139. Defendants made a false representation of a past or present fact by concealing or failing to disclose the true membership numbers of the Business prior to Plaintiffs executing and entering into purchase and loan agreements with Defendants;

140. Defendants made a false representation of a past or present fact by concealing or failing to disclose known safety concerns, design flaws, past repairs and capacity limitations of the Business's upstairs and downstairs traps prior to Plaintiffs executing and entering into purchase and loan agreements with Defendants;

141. Defendants made a false representation of a past or present fact by concealing or failing to disclose the convertibility limitations of Business's elevator prior to Plaintiffs executing and entering into purchase and loan agreements with Defendants;

142. Defendants made a false representation of a past or present fact by concealing or failing to disclose accurate quantity and quality information for the Business's inventory and tangible property prior to Plaintiffs executing and entering into purchase and loan agreements with Defendants;

143. These facts were material to Plaintiffs' decision to execute and enter into purchase and loan agreements with Defendants;

144. Defendants concealed or failed to disclose these facts with the intent of creating a false impression of the actual facts in the mind of Plaintiffs;

145. Defendants concealed or failed to disclose these facts with the intent that Plaintiffs take a course of action they might not take if they knew the actual facts;

146. Plaintiffs entered into the purchase and loan agreements relying on the assumption that the fraudulently misrepresented or omitted facts did not exist or were different from what they actually were;

147. Plaintiffs' reliance was justified;

148. This reliance caused damages to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court void, or find voidable, any agreements, whether verbal or written, actual or implied, that were entered into under fraud and to enter judgment in favor of Plaintiffs and against Defendants for actual damages, special damages, interest at the statutory rate, costs of court, and for such further and greater relief as the Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
## BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

149. Plaintiffs incorporate by reference each of the above allegations as if fully set forth herein.

150. Every contract requires the parties to act in good faith and to deal fairly with each other in performing or enforcing the terms of the contract;

151. Defendants breached the duty of good faith and fair dealing by taking actions contrary to the agreed common purpose and reasonable expectations of the parties;

152. Defendants breached the duty of good faith and fair dealing when they abused their HOA authority to adversely impact the Business;

153. Defendants breached the duty of good faith and fair dealing when they failed to correct past misrepresentations and omissions they made to Plaintiffs;

154. Defendants' conduct deprived Plaintiffs of the reasonable expectation of benefiting from their contracts;

155. Defendants' breaches of the implied covenant of good faith and fair dealing has caused and is continuing to cause damages to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court void, or find voidable, any agreements, whether verbal or written, actual or implied, that were entered into under fraud and to enter judgment in favor of Plaintiffs and against Defendants for actual damages, special damages, interest at the statutory rate, costs of court, and for such further and greater relief as the Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT

156. Plaintiffs incorporate by reference each of the above allegations as if fully set forth herein.

157. Defendants had knowledge that the Business's financial health was significantly worse than what Defendants represented to Plaintiffs;

158. Defendants had knowledge that the Business's inventory and tangible property was significantly worse than what Defendants represented to Plaintiffs;

159. Defendants had knowledge that Business's membership growth was significantly worse than what Defendants represented to Plaintiffs;

160. Defendants had knowledge that Business's upstairs and downstairs traps were significantly worse than what Defendants represented to Plaintiffs;

161. Defendants had knowledge that Business's HVAC, elevator and sound proofing were significantly worse than what Defendants represented to Plaintiffs

162. Defendants had knowledge of the Business's firearm sales issues that they failed to disclose Plaintiffs;

163. Plaintiffs, relying of Defendants' fraudulent misrepresentations and omissions, purchased the Business from and borrowed money from Defendants;

164. Defendants benefited from the purchase and loans;

165. The benefit received, appreciated, and retained by Defendants has caused damage to Plaintiffs;

166. It would be inequitable for Defendants to retain such benefit furnished by Plaintiffs; when such benefit obtained by Defendants was obtained by fraudulent misrepresentations and omissions.

WHEREFORE, Plaintiffs respectfully request that the Court void, or find voidable, any agreements, whether verbal or written, actual or implied, that were entered into under fraud and to

enter judgment in favor of Plaintiffs and against Defendants for actual damages, special damages, interest at the statutory rate, costs of court, and for such further and greater relief as the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL TO A JURY ON ALL TRIABLE ISSUES. PURSUANT TO FRBP 9015 AND 28 U.S.C. § 157 ET SEQ., PLAINTIFFS CONSENT TO HAVE A JURY TRIAL CONDUCTED BY THE BANKRUPTCY JUDGE. PLAINTIFFS FURTHER CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENT BY THE BANKRUPTCY COURT**.

Dated: September 16, 2020               Respectfully submitted,

By: */s/ Gerald L. Jorgensen*
Gerald L. Jorgensen #18855
JORGENSEN, BROWNELL & PEPIN P.C.
5285 McWhinney Blvd., Suite 100
Loveland, CO 80538
Phone : (970) 304-0075
Fax : (970) 351-8421
Email : gerald@jbplegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or via e-mail to the following address:

Alison Goldenberg
Alison.Goldenberg@usdoj.gov
*U.S. Trustee*

Michael Payne
Mpayne@cp2law.com
*Counsel for Great Western Bank*

Nancy Miller
NMiller@nemirowperez.com
*Counsel for Edward and Steven Klen and Angry Beavers, LLC*

*Ingrid J. DeFranco*
*Ingrid.defranco@gmail.com*
*Counsel for Edward and Steven Klen and Angry Beavers, LLC*