UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-14962 JGR |
| GUNSMOKE, LLC ) | |
| EIN: 27-0247683 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ─────────────────────────── ) | |
| ) | Case No. 20-14853 JGR |
| HAPPY BEAVERS, LLC ) | |
| EIN: 81-4752301 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ─────────────────────────── ) | |
| ) | Case No. 20-14963 JGR |
| ARMED BEAVERS, LLC ) | |
| EIN: 81-4763324 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ─────────────────────────── ) | |
| ) | |
| GUNSMOKE, LLC, HAPPY BEAVERS, LLC, ) | |
| AND ARMED BEAVERS, LLC ) | Adversary Proceeding No. 20-01262 |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| ANGREY BEAVERS, LLC, EDWARD J. KLEN, ) | |
| AND STEVEN J. KLEN ) | |
| ) | |
| Defendants ) | |
| ) | |

_____

**PLAINTIFFS' RESPONSE TO DEFENDANT ANGRY BEAVERS, LLC'S, EDWARD J. KLEN'S AND STEPHEN J. KLEN'S MOTION TO WITHDRAW THE AUTOMATIC REFERENCE TO THE BANKRUPTCY COURT**
_____

Plaintiffs, Gunsmoke, LLC, Happy Beavers, LLC, and Armed Beavers, LLC by and through

their attorneys, JORGENSEN, BROWNELL & PEPIN, P.C. hereby file their Response to Defendants'

1

Motion to Withdraw the Automatic Reference to the Bankruptcy Court as follows:

## INTRODUCTION

Conjunction with their Motion to Withdraw the Automatic Reference ("Motion to Withdraw"), Defendants also filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State Claims Upon Which Relief may be Granted ("Motion to Dismiss") which raised many of the same issues as their Motion to Withdraw. Plaintiffs, contemporaneously with this Response, are filing their Response to Defendants' Motion to Dismiss ("Response to Motion to Dismiss"), which fully incorporated herein by reference. Response to Motion to Dismiss addresses the following issues raised in Motion to Withdraw: ¶¶ 2, 4, 5, 6, and 7. Since Plaintiffs have already addressed those issues, Plaintiffs will not again address those issues here. Plaintiffs also to not dispute the legal standard as set forth in ¶¶ 1 and 3 of the Motion to Withdraw. Instead, Plaintiffs will limit this Response to addressing the issue of automatic withdrawal.

## LEGAL STANDARD

The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate. 28 USCS § 1334(e)(1).

Mandatory abstention requires satisfaction of the following elements: (1) the motion for abstention must be timely; (2) the proceeding is based on state law; *(3) the proceeding is a non-core "related to" proceeding;* (4) there is no other basis for federal jurisdiction other than 28 U.S.C. § 1334; (5) an action is pending in state court; and *(6) the proceeding can be timely adjudicated in state court*. (emphasis added) *Montoya v. Curtis (In re Cashco, Inc.)*, 614 B.R. 715, 719 (Bankr. D.N.M. 2020) citing *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 776-80 (10th Cir. BAP 1997)

In considering whether to recommend that the reference be withdrawn, a court must first consider whether the claims are "core" or "non-core" and then determine which of those claims carry a right to trial by a jury. *Morris v. Persels & Assocs, LLC (In re Good)*, Nos. 10-13160, 12-5052, 10-11038, 12-5053, 11-12916, 12-5055, 2012 Bankr. LEXIS 3468, at *7 (Bankr. D. Kan. July 27, 2012).

Similarly, to fall within the mandatory abstention statute, the claim or cause of action must fall within the Court's "related to" jurisdiction under 28 U.S.C. § 1334(b). 28 U.S.C. § 1334(c)(2). Proceedings that fall within the Court's "related to" jurisdiction are "non-core" proceedings. *Midgard*, 204 B.R. at 771.

"Non-core" proceedings primarily "encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for the bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others[.]" *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (quoting *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161-62 (7th Cir. 1994)). *See also Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) ("Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district or state court.") (citation omitted).

In contrast, proceedings "arising under title 11 or arising in a case under title 11" are "core" proceedings. *Midgard*, 204 B.R. at 771. *See also Stern v. Marshall*, 564 U.S. 462, 476, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) ("[C]ore proceedings are those that arise in a bankruptcy case or under Title 11."). Examples of core proceedings are enumerated in 28 U.S.C. § 157(b)(2), and include *other proceedings affecting the liquidation of the assets of the estate* or the adjustment of the debtor-creditor or equity security holder relationship, except personal injury tort or wrongful death claims. 28 U.S.C. § 157(b)(2)(O)(emphasis added).

Core proceedings are not subject to mandatory abstention. *See In re Telluride Income Growth, L.P.*, 364 B.R. 390, 398 (10th Cir. BAP 2007) ("Section 1334(c)(2) pertains only to non-

core matters and provides guidelines for when a bankruptcy court must abstain . . . ."); *Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Grp. (In re Premier Hotel Dev. Grp.)*, 270 B.R. 243, 250 (Bankr. E.D. Tenn. 2001) ("[M]andatory abstention does not apply to core proceedings . . . .").

Even if the claims are not core proceedings, the bankruptcy court could also exercise § 1334(b) "related to" jurisdiction over them. "Related proceedings" are civil proceedings that, in the absence of a bankruptcy filing, could have been brought in federal or state court. Proceedings are "related-to" the case when their outcome could conceivably have any effect on the estate being administered in bankruptcy. *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990); *Morris v. Persels & Assocs, LLC (In re Good)*, Nos. 10-13160, 12-5052, 10-11038, 12-5053, 11-12916, 12-5055, 2012 Bankr. LEXIS 3468, at *8-9 (Bankr. D. Kan. July 27, 2012). "The statutory grant of 'related to' jurisdiction is quite broad." *Centrix Fin. Liquidating Tr. v. Sutton*, No. 18-cv-02769-RBJ, 2019 U.S. Dist. LEXIS 154083, at *11 (D. Colo. Sep. 10, 2019); *see also Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc.)*, 410 F.3d 100, 105 (1st Cir. 2005), but it is not "limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995).

"[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy," such as "alter[ing] the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate." *Gardner*, 913 F.2d at 1518 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted), overruled on other grounds by *Things Remembered v. Petrarca*, 516 U.S. 124, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995)). In addition, the Supreme Court has stated that "causes of action owned by the debtor which become property of the estate" are proceedings related to the bankruptcy. *Celotex Corp.*, 514 U.S. at 307 n.5 (1995).

LEGAL ARGUMENT

Pursuant to 28 USCS § 1334(e)(1), all of Plaintiffs' property is in the exclusive jurisdiction of this Court, including 697 N. Denver Avenue, #128, Loveland, Co 80537 (the "Property").

With respect to the Adversary Proceeding at bar, the category most likely to make this lawsuit a core proceeding is 28 U.S.C. § 157(b)(2)(K) because Plaintiffs' Adversary Complaint seeks to "void, or find voidable, any agreements, whether verbal or written, actual or implied, that were entered into under fraud," including Defendant Angry Beavers security interest against the Property.

Since the results of this Adversary Proceeding will affect whether the Defendants have a lien against the Property, which is in the bankruptcy estate, it is a core proceeding. Likewise, the result of this Adversary Proceeding will affect the liquidation of the assets of bankruptcy estate. Because there is a core proceeding, Defendants have not satisfied the requirements for a mandatory abstention. *Cashco*, 614 B.R. at 719; *Midgard*, 204 B.R. at 776-80.

Even if this Court finds that none of Plaintiffs' claims are core proceedings, this Court should still exercise § 1334(b) "related to" jurisdiction over Plaintiffs' claims. All of Plaintiffs' claims directly affect the estate being administered in bankruptcy and the allocation and amounts of liabilities. *Good*, 2012 Bankr. LEXIS 3468, at *8-9.

Additionally, given the continued and worsening COVID-19 pandemic, there is a very real concern that this the proceeding cannot be timely adjudicated in state court. *Cashco*, 614 B.R. at 719; *Midgard*, 204 B.R. at 776-80.

<u>In the Alternative</u>, the interests of judicial economy dictate that any withdrawal of the reference should at least be delayed during the pendency of pretrial proceedings. *See, e.g., In re Kirk E. Douglas, Inc.*, 170 B.R. 169, 170 (D.Colo. 1994); *Centrix v. Nat'l Union Fire Ins. Co.*, 2011 U.S. Dist. LEXIS 3247, 2011 WL 63505 (D.Colo. Jan. 7, 2011); *Centrix v. Sutton*, 2009 U.S. Dist. LEXIS 54495, 2009 WL 1605826 (D.Colo. June 8, 2009).

This Court, with its knowledge of Title 11 and familiarity with this case, should oversee the pretrial proceedings of the matter until it is ready for trial. This can be accomplished be either delaying the withdrawal of reference or by withdrawing the adversary proceeding, in part.

In this way, this Court will otherwise retain its authority to supervise and resolve of all pretrial matters, including dispositive motions. *See In re M & L Business Mac. Co., Inc*., 159 B.R. 932, 934 (D.Colo. 1993) (defendant's right to jury trial not disturbed by allowing bankruptcy judge to oversee pre-trial supervision of case); *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (resolution of dispositive motions by bankruptcy court does not diminish a party's right to a jury trial, as these motions merely address whether a trial is necessary at all); *Foresight Applications & Sys. Techs., LLC v. NHM Interest, LLC (In re Foresight Applications & Sys. Techs., LLC)*, Civil Action No. 14-cv-02007-MSK, 2015 U.S. Dist. LEXIS 52787, at *3-5 (D. Colo. Apr. 22, 2015).

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request the Court DENY Defendants' Motion to Withdraw the Automatic Reference to the Bankruptcy Court or, in the alternative, stay the withdrawal during the pendency of pretrial proceedings.

Dated: October 30, 2020            Respectfully submitted,

By: */s/ Gerald L. Jorgensen*
Gerald L. Jorgensen #18855
JORGENSEN, BROWNELL & PEPIN P.C.
5285 McWhinney Blvd., Suite 100
Loveland, CO 80538
Phone : (970) 304-0075
Fax : (970) 351-8421
Email : gerald@jbplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or via e-mail to the following address:

Alison Goldenberg
Alison.Goldenberg@usdoj.gov
*U.S. Trustee*

Michael Payne
Mpayne@cp2law.com
*Counsel for Great Western Bank*

Nancy Miller
NMiller@nemirowperez.com
*Counsel for Klen's and Angry Beavers*

*Ingrid J. DeFranco*
*Ingrid.defranco@gmail.com*
*Counsel for Klen's and Angry Beavers*